[No. 17617.  Department One.  March 16, 1923.]

RICHARD S. ADAMS, *Respondent,* v. PORT TOWNSEND AND PUGET SOUND RAILWAY COMPANY; *Appellant.*[1]

RAILROADS (64, 71)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.  The driver of a truck, struck at a railroad crossing, was not guilty of contributory negligence, as a matter of law, where he stopped about twenty feet from the tracks and listened, and hearing nothing, proceeded, and on account of a pile of dirt, covered with weeds and brush, left by the company along its right of way, it was impossible to see down the track until the front wheels of the truck were upon the track.

Appeal from a judgment of the superior court for Jefferson county, Ralston, J., entered February 24, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Affirmed.

*Shank, Belt & Fairbrook* and *Alfred Rode,* for appellant.

*A. R. Coleman,* for respondent.

MACKINTOSH, J.—The jury returned a verdict in favor of the respondent in this action for personal injuries arising out of a collision of a truck driven by the respondent and a freight train owned and operated by the appellant.  The collision took place at a crossing.  The verdict of the jury establishes that the appellant was operating its train in a negligent manner.  The only question is whether the respondent's conduct was such as the court could stamp as being negligent, as a matter of law, and, as such, barring him from the right of relief.

The testimony of the respondent shows that he approached the railroad crossing, and some twenty or

[1]Reported in 213 Pac. 451.

twenty-five feet therefrom he stopped the truck and listened for the approaching train, but hearing nothing, proceeded. The testimony further shows that, at the point at which the respondent stopped, it was impossible for him to see the railroad track on account of a pile of dirt which had been left by the railroad along its right of way, on top of which at the time were growing weeds and underbrush to such a height that the view was entirely obstructed. The testimony further shows that at no point on the road was it possible to see down the track until a vehicle using the road had proceeded so far as that its front wheels would be upon the track. The testimony discloses that the respondent had done sufficient to justify the jury in finding he had exercised a reasonable degree of care for his own safety, and it is impossible for this court to say that there was anything in his conduct which, as a matter of law, would amount to contributory negligence. The trial court was, therefore, correct in allowing the case to go to the jury, and there being no error which would entitle the judgment to disturbance, it is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.